**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE LUIS QUINTERO CONCEPCION,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-07969 JLT SAB (HC)<br><br>A-Number: 099-570-888<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS MODIFIED, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO RELEASE PETITIONER, STAYING THIS ORDER UNTIL NOVEMBER 23, 2026; AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 13) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 27, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted, and Respondents be directed to immediately release Petitioner. (Doc. 13.) On November 8, 2026, Respondents filed timely objections. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis with one modification. There is no dispute on this record that Petitioner, a Cuban national with a final order of removal to Cuba, cannot presently be removed to Cuba. In fact, Respondents appear to have made no effort to do so since they revoked his supervision on September 30, 2025, after he

was convicted of voyeurism in Florida. Instead, they have repeatedly attempted to get him to consent to be removed to Mexico, but he has declined. Respondents have failed to explain how they can effectuate third country removal to Mexico without Petitioner's consent. *See Cruz v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-05760 JLT EPG (HC), 2026 WL 2582421, at *2 (E.D. Cal. Sept. 1, 2026) ("As several other courts have explained, though DHS may have an informal arrangement with the Mexican government to allow third country removals to Mexico, Mexico only accepts individuals who consent to be removed there.")(collecting cases).

Therefore, despite Petitioner's significant criminal record, including the voyeurism conviction and several others incurred in the past several years, it appears that Respondents have failed to take any serious action to remove Petitioner, or to explain their intentions. Because Respondents have failed to demonstrate that removal is reasonably foreseeable, the Court has no choice but to find that Petitioner can no longer be detained and must be released on appropriate conditions of supervision. However, given Petitioner's recent criminal history, the Court will briefly stay the operation of this order to permit Respondents to take steps to ensure Petitioner can be released on appropriate conditions.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 27, 2026 (Doc. 13) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents are directed to **RELEASE** Petitioner from custody under appropriate conditions of supervision.
4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.[1]
5. This order is **STAYED** until November 23, 2026 to allow Respondents to make

[1] This does not preclude Respondents from re-detaining Petitioner for an additional six months pursuant to 8 U.S.C. § 241.13(i)(1) should Petitioner once again violate the terms of his release.

arrangements to impose appropriate conditions of supervision.

6. The Clerk of Court is directed to serve the Central Valley Annex with a copy of this Order.

7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _November 15, 2026_

UNITED STATES DISTRICT JUDGE